# UNITED STATES DISTRICT COURT
### Eastern District of New York

UNITED STATES OF AMERICA
v.
LEE KARAQI

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 11-CR-486
USM Number: 79368-053

George Galgano, Esq.
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)   3 of superseding indictment (lesser-included offense)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 846 | Conspiracy to distribute and possess with intent to distribute marijuana, a Class C felony | 6/30/2011 | 3s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   all open & underlying indictment   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/4/2013
Date of Imposition of Judgment

s/DLI
Signature of Judge

Dora L. Irizarry                 U.S. District Judge
Name of Judge                    Title of Judge

February 6, 2013
Date

DEFENDANT: LEE KARAQI
CASE NUMBER: 11-CR-486

Judgment—Page __2__ of __6__

## PROBATION

The defendant is hereby sentenced to probation for a term of :

Three (3) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 6/14/2011 NYED) Judgment in a Criminal Case
Sheet 4A — Probation
Case 1:11-cr-00486-DLI Document 702 Filed 02/08/13 Page 3 of 11 PageID #: 3407

DEFENDANT: LEE KARAQI
CASE NUMBER: 11-CR-486

Judgment—Page 3 of 6

## ADDITIONAL PROBATION TERMS

Supervision may be transferred to the Southern District of New York. This Court will maintain jurisdiction.

DEFENDANT: LEE KARAQI
CASE NUMBER: 11-CR-486

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1) For a period of six months, the defendant shall remain in his or her home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the U.S. Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay;

2) The defendant shall perform 100 hours of community service in a manner and at a rate approved by the U.S. Probation Department. The defendant will cooperate in allowing the Probation Department to confirm the community service is completed;

3) The defendant shall not possess a firearm, ammunition, or destructive device;

4) The defendant shall submit his or her person, residence, place of business, vehicle or any other premises under his or her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted in a reasonable manner and at a reasonable time. The defendant's failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition;

5) The defendant shall make full financial disclosure to the Probation Department;

6) The defendant shall comply with the fine payment schedule.

DEFENDANT: LEE KARAQI
CASE NUMBER: 11-CR-486

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 3,000.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LEE KARAQI
CASE NUMBER: 11-CR-486

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than _____, or
☑ in accordance ☑ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☑ Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ 100.00 over a period of 30 (e.g., months or years), to commence 30 days (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached order. Forfeiture has been satisfied.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 1:11-cr-00486-DLI   Document 702   Filed 02/08/13   Page 7 of 11 PageID #: 3411
Case 1:11-cr-00486-DLI   Document 514   Filed 05/03/12   Page 1 of 5 PageID #: 2377
Case 1:11-cr-00486-DLI   Document 509-1   Filed 04/30/12   Page 1 of 5 PageID #: 2354

SLR:LDM:CSK
F.#2011R00994-OCDETF:NY-NYE-648Z/
NY-NYE-670Z

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 03 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

LEE KARAQI,

    Defendant.

- - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

11 CR 486 (S-1) (DLI)

    WHEREAS, in the above-captioned case, on or about April 24, 2012, the defendant, LEE KARAQI, plead guilty to count three of the above-captioned superseding Indictment, charging a violation of 21 U.S.C. § 846;

    WHEREAS, pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p), the defendant has consented and agreed to the entry of a forfeiture money judgment in the amount of two thousand dollars and zero cents ($2,000.00) in United States currency (the "Forfeiture Money Judgment"), as property constituting or derived from proceeds obtained, directly or indirectly, as a result of the defendant's violations of 21 U.S.C. § 846, and/or as substitute assests as defined in 21 U.S.C. § 853(p).

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

Case 1:11-cr-00486-DLI Document 702 Filed 02/08/13 Page 8 of 11 PageID #: 3412
Case 1:11-cr-00486-DLI Document 514 Filed 05/03/12 Page 2 of 5 PageID #: 2378
Case 1:11-cr-00486-DLI Document 509-1 Filed 04/30/12 Page 2 of 5 PageID #: 2355

1. The defendant shall forfeit all his right, title and interest in the Forfeiture Money Judgment pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p).

2. Upon consent of the defendant and the government, the Forfeiture Money Judgment shall be paid in full on or before the date the defendant enters his plea of guilty (the "Due Date"). Interest on any unpaid portion of the Forfeiture Money Judgment shall begin to accrue at the judgment rate of interest from the Due Date at the rate set forth in 18 U.S.C. § 3612(f).

3. All payments made by the defendant towards the Forfeiture Money Judgment shall be made by certified bank check, payable to the "United States Marshals Service," and the defendant shall cause said check(s) to be hand-delivered to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction.

5. If the Forfeiture Money Judgment, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the

*United States v. Lee Karaqi*, CR-11-486 2(S-1) (DLI) Order of Forfeiture

Case 1:11-cr-00486-DLI Document 702 Filed 02/08/13 Page 9 of 11 PageID #: 3413
Case 1:11-cr-00486-DLI Document 514 Filed 05/03/12 Page 3 of 5 PageID #: 2379
Case 1:11-cr-00486-DLI Document 509-1 Filed 04/30/12 Page 3 of 5 PageID #: 2356

defendant up to the value of the Forfeiture Money Judgment not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeiture Money Judgment, or to any property against which the government seeks to execute the Forfeiture Money Judgment, in any administrative or judicial proceeding. The defendant shall take whatever steps are necessary to ensure clear title to the Forfeiture Money Judgment and any property against which the government seeks to execute the Forfeiture Money Judgment passes to the United States, including the execution of any and all documents necessary to effectuate the immediate forfeiture of the Forfeiture Money Judgment and any property against which the government seeks to execute the Forfeiture Money Judgment. The forfeiture of the Forfeiture Money Judgment shall not be considered a payment of a fine or payment on any income taxes that may be due.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but

United States v. Lee Karaqi, CR-11-486 3(S-1) (DLI) Order of Forfeiture

Case 1:11-cr-00486-DLI Document 702 Filed 02/08/13 Page 10 of 11 PageID #: 3414
Case 1:11-cr-00486-DLI Document 514 Filed 05/03/12 Page 4 of 5 PageID #: 2380

Case 1:11-cr-00486-DLI Document 509-1 Filed 04/30/12 Page 4 of 5 PageID #: 2357

not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines, statute of limitations, and venue.

7. Upon the entry of this Order, the United States Attorney General, or his designee, is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3).

8. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. This Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

*United States v. Lee Karaqi*, CR-11-486 4(S-1) (DLI) Order of Forfeiture

Case 1:11-cr-00486-DLI Document 702 Filed 02/08/13 Page 11 of 11 PageID #: 3415
Case 1:11-cr-00486-DLI Document 514 Filed 05/03/12 Page 5 of 5 PageID #: 2381
Case 1:11-cr-00486-DLI Document 509-1 Filed 04/30/12 Page 5 of 5 PageID #: 2358

11. The Clerk of the Court is directed to send, by inter-office mail, four certified copies of this executed Order to Assistant U.S. Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor Brooklyn, New York 11201.

Dated: Brooklyn, New York
      May __/__, 2012

                                              s/DLI

                                HONORABLE DORA L. IRIZARRY
                                UNITED STATES DISTRICT JUDGE
                                EASTERN DISTRICT OF NEW YORK

_United States v. Lee Karagi_, CR-11-486 5(S-1) (DLI) Order of Forfeiture